## 71335. DEAN v. THE STATE.
(340 SE2d 647)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol. In his sole enumeration of error he contends the trial court erred by denying his motion to dismiss and acquit which was based on the ground that he was not tried during the term in which his demand for trial was filed or the next succeeding term of court after his demand for trial was filed, as required by OCGA § 17-7-170.

Appellant properly filed a demand for trial within the next succeeding term of court in the State Court of Gwinnett County on May 25, 1984 at the time of his arraignment. He was not tried at that term of court or at the next succeeding term of court which commenced in July 1984. When his case was called for trial during the September term he filed a motion for discharge and acquittal. The motion was denied, and appellant contends this was error.

We note that appellant's demand for trial met the requirements of *State v. Adamczyk*, 162 Ga. App. 288, 289-290 (290 SE2d 149) (1982), in which we held that a demand for trial must be "a demand to be tried within the next succeeding term of court." Appellant's demand for trial here was couched in those exact terms, so the validity of the demand for trial is not in issue here. The only issue is whether there were juries impaneled and qualified to try appellant during the term in which the demand was filed or in the next succeeding term of court.

The Act Recreating the State Court of Gwinnett County, Ga. L. 1977, p. 3331, as amended in 1981, Ga. L. 1981, pp. 3033, 3034, provides that when a person has made a demand for trial he is entitled to discharge and acquittal if he is not tried at the term when the demand is made, "or within the next *two* succeeding regular terms thereafter." (Emphasis supplied.) However, this court has held that OCGA § 17-7-170, not the Act cited above, controls and governs practice in the State Court of Gwinnett County. *Majia v. State*, 174 Ga. App. 432, 434 (2) (330 SE2d 171) (1985). That Code section provides that when a person makes a demand for trial he is entitled to be discharged and acquitted of the offense charged if he is not tried during the term in which his demand for trial is made or at the next succeeding regular term, and there were juries impaneled and qualified to try him at each of those terms.

The State contends that since the State Court of Gwinnett County held no jury trials during the July term of court, there were no juries impaneled and qualified to try appellant. The State also attempts to distinguish between an indictment in superior court and an accusation in a state court, arguing that a jury must be impaneled and qualified in the court where the demand for trial was filed. These

arguments are without merit.

OCGA § 15-12-130 (a) provides: "In any county of this state where there is located any court or courts having county-wide jurisdiction concurrent with the superior courts of this state to try any, all, or any type of case not within the exclusive jurisdiction of the superior courts of this state, any trial juror drawn, selected, and summoned for service in the trial of civil and criminal cases in the superior court of such county shall be legally competent and qualified to serve as a juror in any such other court or courts located in the county for the same period of time as he is competent and qualified to serve as a trial juror in the superior court of the county." Further, Section 12 (b) of the Act which recreated the State Court of Gwinnett County (Ga. L. 1977, p. 3336) provides: "For the trial of any case in the Superior Court of Gwinnett County or the State Court of Gwinnett County requiring the use of jurors, a jury pool is created. Jurors may be selected as prescribed by law by either the judges of the Superior Court of Gwinnett County or the judges of the State Court of Gwinnett County to appear to be sworn and serve as jurors before *either* court. *When both the superior court and State court are in session on the same date either court may use as jurors persons who were summoned to appear to serve as jurors by virtue of the authority of either court.*" (Emphasis supplied.) In the instant case both the prosecuting attorney and the trial court stipulated that jurors were impaneled and qualified during the July term in the Superior Court of Gwinnett County.

Since jurors were impaneled and qualified to try appellant during the term in which his demand for trial was made and the next succeeding term, and appellant was not tried during either of those terms, it was error to deny his motion for discharge and acquittal of the charge against him. OCGA § 17-7-170; *Majia*, supra.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1986.

*Donn M. Peevy*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Michael S. Weldon, Assistant Solicitor*, for appellee.