76438. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. YANCEY.
(371 SE2d 883)

DEEN, Presiding Judge.

On August 27, 1985, James Yancey was injured when the tractor-trailer he was driving was forced off the road to avoid striking another vehicle that suddenly stopped in front of him. The other vehicle immediately left the scene. On May 9, 1986, Yancey commenced this action against the unknown motorist, and served his own insurer, State Farm Mutual Automobile Insurance Company (State Farm), as a carrier of uninsured motorist coverage. Yancey also served Michigan Mutual Insurance Company (Michigan Mutual), which had issued a policy to Yancey's employer, as an uninsured motorist insurer.

Michigan Mutual answered the complaint on behalf of Jane Doe, the unknown uninsured motorist. Neither State Farm nor Michigan Mutual answered the complaint in their own names. On September 18, 1986, this answer was withdrawn; on the following day, in consideration of his receipt of $7,000, Yancey released Michigan Mutual of any liability as uninsured motorist carrier. On September 25, 1986, Yancey filed a motion for judgment on the pleadings, on the grounds that no answer to his complaint was on record and the time for filing an answer had expired. On October 3, 1986, the trial court entered judgment on the pleadings for Yancey on the issue of liability. On November 17, 1986, following a trial on the issue of damages, a jury awarded Yancey $250,000; based on that verdict, the trial court immediately entered judgment for Yancey against State Farm in the amount of $45,000, representing the coverage limits of the three policies State Farm had issued to Yancey. State Farm was not notified of the trial and did not participate in it.

State Farm subsequently moved "to vacate and set aside judgment and, in the alternative, for new trial in conjunction with a motion to open default." The trial court denied the motions on November 18, 1987, and this direct appeal followed. *Held*:

1. State Farm contends that its motions should have been granted because (1) it was never properly served with the complaint or any other pleadings; (2) the simultaneous entry of judgment

against both the uninsured tortfeasor and State Farm was illegal; (3) the issue of insurance coverage was improperly introduced to the jury; (4) the case was improperly tried before a state court jury serving in the superior court; (5) the evidence did not support the jury's verdict; and (6) the appellee violated Rule 15 of the Uniform Superior Court Rules by failing to file a certificate of default prior to obtaining a final judgment. This court may not address some of the above issues because State Farm has not followed the appropriate appellate procedure.

A. Issues (1) and (6) concern nonamendable defects which appear, if at all, on the face of the record or pleadings, and thus would be the subject matter of a motion to set aside under OCGA § 9-11-60 (d). Appeals from orders denying such motions to set aside must follow the discretionary appeal procedures pursuant to OCGA § 5-6-35 (a) (8). State Farm failed to do so, and this appeal, with regard to these issues, must be dismissed. *Radford v. IPD Printing & Distrib.*, 184 Ga. App. 64 (360 SE2d 656) (1987).

B. Regarding issue (2), the appeal is untimely. In this case, State Farm's attack on the allegedly illegal judgment would have to be the subject matter of its motion for new trial. However, " ' "[o]bjections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken.to it at the proper time." ' [Cit.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981). Since the notice of appeal in this case was filed on November 24, 1987, over one year past the date of the judgment, the appeal of this issue was untimely.

2. Jurors actually summoned for service in the state court were seated for service in the superior court in this case. State Farm contends that although OCGA § 15-12-130 allows for jurors selected for service in the superior court to serve in another court with concurrent jurisdiction, no statutory provision exists for jurors selected for service in the state court to serve in the superior court. State Farm, however, demonstrates no harm resulting from the use of state court jurors in this case, and we find none. The qualifications for service as a juror on the State Court of Tift County are the same as for service on the superior court. Ga. Laws. 1971, p. 2477.

3. During voir dire, the trial court asked if any of the prospective jurors were connected in any way with State Farm, and counsel for the appellee asked if any jurors worked for State Farm. State Farm contends that allowing counsel to ask whether any of the prospective jurors worked for State Farm improperly emphasized the fact of insurance coverage, thus requiring reversal of the verdict. We find no

abuse of discretion in allowing counsel for the appellee to ask this one question. See *Parsons v. Harrison*, 133 Ga. App. 280 (1) (211 SE2d 128) (1974).

4. State Farm also contends that the evidence does not support the verdict, because there was no corroborating witness as required by OCGA § 33-7-11 (b) (2). However, one witness testified that she saw the appellee swerve into the other lane to avoid hitting what she described as an "object big enough to be a car"; this witness later stated simply that she had observed the appellee's predicament to have been "either hit the car or come over into my lane." This testimony sufficiently corroborated the appellee's testimony that he had to swerve into the other lane to avoid colliding with the Jane Doe vehicle that pulled into his lane and stopped suddenly.

*Appeal affirmed in part and dismissed in part. Sognier, J., concurs. Carley, J., concurs in Divisions 1A, 2, 3 and 4 and in judgment.*

DECIDED JULY 6, 1988 —
REHEARING DENIED JULY 22, 1988

*John S. Sims, Jr.*, for appellant.
*Craig A. Webster*, for appellee.