A92A1405. SCOTT v. THE STATE.
(424 SE2d 325)

COOPER, Judge.

Appellant was charged with driving under the influence of alcohol and appeals the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170.

Appellant filed a demand for trial within the current term or next succeeding term of court in the State Court of Baldwin County on September 12, 1991. He was not tried at the September term of court or at the next succeeding term of court which commenced in November 1991, nor was he tried in January 1992. The case was called for trial on February 2, 1992. Appellant moved for discharge and acquittal, and the motion was denied.

"[OCGA § 17-7-170] provides that when a person makes a demand for trial he is entitled to be discharged and acquitted of the offense charged if he is not tried during the term in which his demand for trial is made or at the next succeeding regular term, and there were juries impaneled and qualified to try him at each of those terms." *Dean v. State,* 177 Ga. App. 678 (340 SE2d 647) (1986). The State contends that no jury trials were held in the State Court of Baldwin County during the September and November terms; therefore, no juries were impaneled and qualified to try appellant. The State concedes and the record demonstrates that civil and criminal juries were impaneled in Baldwin County Superior Court during those terms and January and that both courts summon jurors from the same jury pool. However, the State argues that neither the clerk of the court nor the judge of the state court specifically drew a jury panel for any jury trials in state court during the relevant terms of court.

OCGA § 15-12-130 (a) provides: "In any county of this state where there is located any court or courts having county-wide jurisdiction concurrent with the superior courts of this state to try any, all, or any type of case not within the exclusive jurisdiction of the superior courts of this state, any trial juror drawn, selected, and summoned for service in the trial of civil and criminal cases in the superior court of such county shall be legally competent and qualified to serve as a juror in any such other court or courts located in the

county for the same period of time as he is competent and qualified to serve as a trial juror in the superior court of the county." "Since jurors were impaneled and qualified to try appellant during the term in which his demand for trial was made and the next succeeding term, and appellant was not tried during either of those terms, it was error to deny his motion for discharge and acquittal of the charge against him. [Cits.]" *Dean,* supra at 679.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 27, 1992.

*Thomas J. Phillips, Jr., Shane M. Geeter,* for appellant.
*James M. Watts, Jr., Solicitor,* for appellee.