## A97A2427. GEORGE v. THE STATE.
(494 SE2d 526)

BLACKBURN, Judge.

Christofer Andrew George appeals the trial court's denial of his motion for discharge and acquittal. George contends that before his case was tried two terms of court expired and that he was, therefore, denied his right to a speedy trial pursuant to OCGA § 17-7-170.

The facts are not in dispute. On August 16, 1996, George was arrested and charged with driving under the influence and following too closely. On August 29, 1996, during the May term of court, George filed his demand for speedy trial pursuant to OCGA § 17-7-170 in the State Court of Cherokee County. In relevant part, OCGA § 17-7-170 (b) provides that "[i]f the [defendant] is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

The terms of Cherokee County State Court begin in January, May and September. The evidence at the hearing on George's motion indicates that there were no state court juries impaneled and quali-

fied to try George in the May term, after George's demand for speedy trial was filed. There were juries impaneled during the September term, but George's case was not reached. George's case was called to trial on February 3, 1997, during the January term of court.

As we have previously determined that "a term or remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170," *Fletcher v. State*, 213 Ga. App. 401, 404 (445 SE2d 279) (1994), the trial court was correct in determining that the May term did not count and that George could be properly tried in the January term. However, relying upon OCGA § 15-12-130 (a) and *Scott v. State*, 206 Ga. App. 17 (424 SE2d 325) (1992), George contends that because superior court juries were impaneled during the end of the May term after he filed his speedy trial motion, the May term should be counted.

OCGA § 15-12-130 (a) provides: "In any county of this state where there is located any court or courts having county-wide jurisdiction concurrent with the superior courts of this state to try any, all, or any type of case not within the exclusive jurisdiction of the superior courts of this state, any trial juror drawn, selected, and summoned for service in the trial of civil and criminal cases in the superior court of such county shall be legally competent and qualified to serve as a juror in any such other court or courts located in the county for the same period of time as he is competent and qualified to serve as a trial juror in the superior court of the county." In *Scott*, supra, we applied OCGA § 15-12-130 (a) to find that because "jurors were impaneled and qualified to try appellant during the term in which his demand for trial was made and the next succeeding term, and appellant was not tried during either of those terms, it was error to deny his motion for discharge and acquittal of the charge against him." (Punctuation omitted.) Id. at 18.

The instant case is distinguishable from *Scott*, supra, because, in the present case, OCGA § 15-12-130 (a) does not apply. Subsection (b) of OCGA § 15-12-130 provides that "[s]ubsection (a) of this Code section shall be applicable only if" three criteria are met. One such criterion requires that "[t]he summons served upon or sent to each of the jurors pursuant to Code Section 15-12-65 affirmatively shows the name of all the courts wherein the juror is eligible to serve." OCGA § 15-12-130 (b) (3). In the present case, the summons referred only to the superior court. Therefore, superior court jurors were not qualified to serve as state court jurors, and the trial court did not err in denying George's motion for discharge and acquittal.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 17, 1997 —
RECONSIDERATION DENIED DECEMBER 3, 1997 —

*Law Office of George A. Stein, Monte K. Davis,* for appellant.
*G. Channing Ruskell, Solicitor,* for appellee.