S98G0551. GEORGE v. THE STATE.
(505 SE2d 743)

SEARS, Justice.

We granted certiorari in this case[1] to consider whether a demand for speedy trial filed in a state court case is effective in a term during which no jurors that have been summoned to serve in state court are impaneled, but during which jurors summoned to serve in superior court are impaneled. Because the plain language of OCGA § 15-12-130 provides that jurors summoned to serve in superior court are only qualified to serve in state court if the requirements of § 15-12-

---

[4] *Barrett v. State*, 263 Ga. 533, 534 (436 SE2d 480) (1993).
[5] 269 Ga. 763 (505 SE2d 1) (1998).
[1] *George v. State*, 229 Ga. App. 632 (494 SE2d 526) (1997).

130 (b) are satisfied, we hold that a demand for speedy trial is not effective during a term such as that described above unless the requirements of subsection (b) are satisfied. Because at least one of those requirements was not satisfied in this case, we conclude that the Court of Appeals correctly held that the demand for speedy trial filed by the appellant, Christofer George, was not effective during such a term. Accordingly, we affirm the Court of Appeals' judgment.

On August 16, 1996, George was arrested and charged with driving under the influence and following too closely. The uniform traffic citations were filed in Cherokee County State Court on August 26, 1996. On August 29, 1996, within the May term of court, George filed a demand for speedy trial pursuant to OCGA § 17-7-170. George's case was not called for trial during the remainder of the May term or during the September term of court. On February 3, 1997, during the January term, George's case was called for trial. George filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170, contending that since he was not tried either during the term in which his demand was filed (the May 1996 term), or during the next succeeding regular term (the September 1996 term), his motion should be granted.

Under OCGA § 17-7-170 (b), if a person who files a speedy trial demand "is not tried when the demand is made or at the next succeeding regular court term thereafter, *provided at both court terms there were juries impaneled and qualified to try him,* he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." (Emphasis supplied.) Thus, as the Court of Appeals correctly stated in this case, " 'a term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170.' "[2]

In the present case, although jurors that had been summoned to state court were impaneled and qualified to try George's case during the September term, no such jurors were impaneled and qualified for trial during the part of the May term following the filing of George's demand. In his motion for discharge and acquittal, George, however, correctly noted that jurors that had been summoned to superior court had been impaneled during the May term after he filed his demand, and he contended that under OCGA § 15-12-130 (a) the superior court jurors were competent and qualified to try his case in state court.

The trial court denied George's motion, ruling that the May term did not count toward the running of George's demand for speedy trial

---

[2] *George*, 229 Ga. App. at 633, quoting *Fletcher v. State*, 213 Ga. App. 401, 404 (445 SE2d 279) (1994). Accord *Waller v. State*, 251 Ga. 124, 126 (3) (303 SE2d 437) (1983).

because no state court jurors were impaneled and qualified to try George's case during the relevant part of the May term. The Court of Appeals affirmed the denial of George's motion, holding that although OCGA § 15-12-130 (a) provides for superior court jurors to serve as state court jurors when the superior court and state court have concurrent jurisdiction, subsection (b) only permits subsection (a) to apply when the three requirements of subsection (b) are met. The Court of Appeals found that § 15-12-130 (b) (3), which requires that the summons "show[ ] the name of all the courts wherein the juror is eligible to serve," had not been met in this case because the summonses issued to the jurors during the May 1996 term stated only that they were summoned to serve in superior court. The Court of Appeals thus concluded that those superior court jurors were not qualified to serve as state court jurors. For the reasons that follow, we affirm.

Briefly stated, subsection (a) of Code Section 15-12-130 provides, in effect, that any juror qualified to serve in superior court in a county "shall be legally qualified and competent to serve as a juror" in state court.[3] Subsection (b) of § 15-12-130, however, qualifies subsection (a) by providing that subsection (a) "shall be applicable only if" the requirements of subsection (b) are satisfied. The requirements of subsection (b), as relevant to this case, are that the superior court judge who draws the jurors must announce in open court that the jurors are competent and qualified to serve in state court; the precept issued by the superior court clerk must state that the jurors are qualified and competent to serve in state court; and the summonses issued to the jurors must state that the jurors are qualified and competent to serve in state court.[4] Viewing this Code section as a whole,

---

[3] OCGA § 15-12-130 (a) provides in full as follows:

(a) In any county of this state where there is located any court or courts having county-wide jurisdiction concurrent with the superior courts of this state to try any, all, or any type of case not within the exclusive jurisdiction of the superior courts of this state, any trial juror drawn, selected, and summoned for service in the trial of civil and criminal cases in the superior court of such county shall be legally competent and qualified to serve as a juror in any such other court or courts located in the county for the same period of time as he is competent and qualified to serve as a trial juror in the superior court of the county.

[4] Subsection (b) provides in full as follows:

(b) Subsection (a) of this Code section shall be applicable only if:

(1) At the time the names of trial jurors are drawn by the judge of the superior court in accordance with Code Section 15-12-120, the judge who draws the jurors shall announce in open court the name or names of the court or courts other than the superior court wherein the jurors shall be competent and qualified to serve by virtue of this Code section;

(2) The precept issued by the clerk of the superior court in accordance with Code Section 15-12-65 shows that the jurors listed thereon are qualified and competent to serve as jurors in courts other than the superior court and shows the name of such court or courts; and

we conclude that subsection (a) establishes, as a general matter, that superior court jurors are qualified and competent to serve as state court jurors, but that subsection (b) conditions their qualification on certain administrative prerequisites designed, we believe, to insure that trial judges and trial court personnel are aware that superior court jurors are available for service in state court.

In this case, it is undisputed that at least the last requirement of subsection (b) was not met, in that the summonses sent to the jurors specified only that they were being summoned to serve in superior court. Thus, we conclude that, under the plain language of § 15-12-130, superior court jurors were not qualified and competent to serve as state court jurors during the May term of court following the filing of George's demand for speedy trial.

Moreover, the cases on which George relies to contend that the superior court jurors were qualified and competent to serve in state court are distinguishable. First, in *Scott v. State*[5] and *Dean v. State*,[6] although the Court of Appeals held that the superior court jurors in those cases were qualified and competent to serve in state court, the Court of Appeals' decisions do not state whether the requirements of subsection (b) were met. Thus, the Court of Appeals' opinions in *Scott* and *Dean* are not inconsistent with our holding today that the requirements of subsection (b) must be satisfied before jurors summoned to superior court are competent and qualified to serve in state court under subsection (a) of § 15-12-130.[7]

Finally, although the Act creating the State Court of Cherokee County[8] provides that "[t]he jurors for the State Court of Cherokee County shall be drawn and selected from the jury box of the Superior Court of Cherokee County,"[9] that Act did not take effect until January 1, 1997,[10] and thus is inapplicable to the present case. Moreover, to the extent that a local law and a general law are in conflict, the

---

(3) The summons served upon or sent to each of the jurors pursuant to Code Section 15-12-65 affirmatively shows the name of all the courts wherein the juror is eligible to serve.

[5] 206 Ga. App. 17 (424 SE2d 325) (1992).

[6] 177 Ga. App. 678 (340 SE2d 647) (1986).

[7] In addition, *State Farm Mut. Ins. Co. v. Yancey*, 188 Ga. App. 8, 9 (2) (371 SE2d 883) (1988), does not require a conclusion different from the one we reach today. In that case, the Court of Appeals simply held that State Farm could not demonstrate prejudice from the use of state court jurors to try its case in superior court. *Yancey* thus is the opposite of the present case: It involved the actual use of state court jurors in superior court whereas this case concerns whether George was entitled to have superior court jurors try his case in state court. The Court in *Yancey* thus did not have before it the question of the meaning of the requirements of § 15-12-130 (b), and *Yancey* therefore has no bearing on the resolution of that issue.

[8] See Ga. L. 1996, p. 4427.

[9] Id. at 4429, § 8.

[10] Id. at 4434, § 22.

general law will control.[11]

For the foregoing reasons, the Court of Appeals correctly held that the superior court jurors in this case were not qualified to try George's case during the May term, and therefore correctly affirmed the trial court's denial of his motion for acquittal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Monte K. Davis*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.

