### A02A2036. COWN v. THE STATE.
(576 SE2d 20)

SMITH, Presiding Judge.

James Coleman Cown was charged by accusation in Gwinnett County State Court with two counts of sexual battery. He filed a demand for speedy trial on December 13, 2001, and on May 2, 2002, he filed a motion for discharge and acquittal on the ground that he was not tried within the term during which he filed the demand or within the succeeding two terms as required by OCGA § 17-7-170. The trial court denied the motion, and Cown appeals. Because Cown failed to show that jurors were impaneled and qualified to try his case in the State Court of Gwinnett County as required by OCGA § 15-12-130 (b), we affirm.

OCGA § 17-7-170 (b) provides that if a person who files a speedy trial demand "is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." Id. And "a term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170." (Punctuation and footnote omitted.) George v. State, 269 Ga. 863, 864 (505 SE2d 743) (1998). It is the defendant's burden to show that qualified jurors were impaneled during the relevant court terms. Union v. State, 273 Ga. 666, 667 (543 SE2d 683) (2001); State v. Dodge, 251 Ga. App. 361, 366 (3) (553 SE2d 831) (2001).

In support of his motion, Cown filed an affidavit of the jury manager for the Gwinnett Judicial Circuit which recited that jurors were summoned for the weeks of December 17, 2001, January 7, 2002, January 14, 2002, March 18, 2002, March 25, 2002, April 1, 2002, April 8, 2002, April 15, 2002, April 22, 2002, and April 29, 2002. The affidavit in this case does not, however, show whether the jurors were summoned to superior court or to state court.

Under OCGA § 15-12-130 (a), a juror qualified to serve in superior court in a particular county " 'shall be legally qualified and competent to serve as a juror' in state court." (Footnote omitted.) George, supra at 865. But this subsection is qualified by OCGA § 15-12-130 (b), which requires the following: an announcement in open court by the superior court judge who draws the jurors that the jurors are competent and qualified to serve in state court; a statement in the

precept issued by the superior court clerk that the jurors are qualified and competent to serve in state court; and a statement on the summonses issued to the jurors that the jurors are qualified and competent to serve in state court. Id. These administrative procedures help "insure that trial judges and trial court personnel are aware that superior court jurors are available for service in state court." *George*, supra at 866.

The affidavit in this case falls short of showing that these procedures were followed, and it is impossible to determine from the evidence in this record whether jurors were summoned to Gwinnett County State Court during the relevant time period after Cown filed his speedy trial demand. The trial court therefore did not err in denying Cown's motion for discharge and acquittal.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED DECEMBER 17, 2002.

*Michael R. Jones, Sr.*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors-General*, for appellee.