## A03A2339. THE STATE v. EDMINSON.
(593 SE2d 18)

BLACKBURN, Presiding Judge.

Following the trial court's grant of John Clyde Edminson's motion for discharge and acquittal[1] based on the State's failure to provide him with a statutorily required speedy trial,[2] the State appeals, arguing that Edminson presented no evidence that there were jurors properly impaneled and qualified during the time the State was required to initiate trial. We disagree and affirm.

OCGA § 17-7-170 (b) provides that if a person who files a speedy trial demand "is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." And "a term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170." It

---

[12] *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).
[1] Although the trial court originally denied Edminson's motion for discharge and acquittal, it changed its decision on his motion for reconsideration and granted the motion.
[2] OCGA § 17-7-170.

is the defendant's burden to show that qualified jurors were impaneled during the relevant court terms.

(Citations omitted.) *Cown v. State*.[3]

On December 11, 2001, Edminson was charged by accusation with two counts of driving under the influence and one count of failure to maintain lane. The case was scheduled for arraignment on February 4, 2002. On February 1, 2002, Edminson waived arraignment, entered a plea of not guilty, and demanded a speedy trial pursuant to OCGA § 17-7-170.

Edminson filed a motion for discharge and acquittal on March 7, 2003. At the hearing on the motion, Edminson showed, and the State did not dispute, that Edminson filed his speedy trial demand on February 1, 2002, that the case was set for a jury trial on September 9, 2002, but not reached, and that it was again called for trial on November 4, 2002, but the calendar was cancelled. The State also acknowledged to the trial court that upon intake, the case was not marked as a speedy trial case by mistake. Edminson's counsel, however, could only state that "We believe that there were jurors impaneled and they were qualified to try Mr. Edminson." Finding this statement of belief inadequate, the trial court denied the motion on the ground that Edminson had not met his burden of showing that jurors were impaneled and qualified to try his case.

On May 16, 2003, Edminson filed a motion for reconsideration of the denial of his motion for discharge and acquittal. In support of his motion, Edminson filed the affidavit of the jury manager of the Gwinnett Judicial Circuit which recited that jurors were summoned for the weeks of September 3, 2002, September 9, 2002, September 16, 2002, September 23, 2002, September 30, 2002, November 4, 2002, and January 6, 2003. The affidavit also stated that jurors were summoned for both state and superior court.

The affidavit submitted by Edminson satisfies his evidentiary burden in that it shows that jurors were impaneled and qualified to try Edminson's case in the State Court of Gwinnett County. Cf. *Cown v. State*, supra (holding that affidavit of jury manager fell short of showing that jurors were summoned to state court where affidavit did not "show whether the jurors were summoned to superior court or to state court"); *George v. State*[4] (finding that no showing was made that jurors were qualified to serve as state court jurors where "summonses sent to the jurors specified only that they were being summoned to serve in superior court"). Accordingly, the trial court did not err in granting his motion for reconsideration.

[3] *Cown v. State*, 259 Ga. App. 8 (576 SE2d 20) (2002).
[4] *George v. State*, 269 Ga. 863, 866 (505 SE2d 743) (1998).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 11, 2003 —
RECONSIDERATION DENIED JANUARY 8, 2004.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Assistant Solicitors-General*, for appellant.
*George A. Stein*, for appellee.