## A03A2456. THE STATE v. SHIELDS.
(594 SE2d 692)

Smith, Chief Judge.

The State appeals the trial court's grant of Gary J. Shields's motion for discharge and acquittal under OCGA § 17-7-170. Finding no error, we affirm.

On December 10, 2002, Shields was charged by accusation with DUI and failure to maintain lane in the State Court of Gwinnett County. On January 15, 2003, during the January term of court, Shields filed a "Jury Demand" stating, "Now comes the defendant in the above-styled action, and files this his demand for a speedy trial by jury pursuant to OCGA § 17-7-170." The local legislation for the state court provides: "The terms of court for the State Court of Gwinnett County shall be as follows: first Mondays in January, March, May, July; second Monday in September; and first Monday in November, . . . and such terms shall remain open for the transaction of business until the next succeeding term." Ga. L. 1981, pp. 3033, 3034-3035, § 2.

On June 17, 2003, during the May term of court, Shields filed his motion for discharge and acquittal. With his motion, Shields provided an affidavit from the Jury Manager for the Gwinnett Judicial Circuit stating that jurors were summoned during each week in the January 2003 and March 2003 terms, "were available for State and Superior Courts," and "were not released until Thursday evening of each week."

OCGA § 17-7-170 (b) provides in pertinent part: "If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

In its sole enumeration of error, the State argues that the jury clerk's affidavit is insufficient because the affidavit fails to state that the jurors were "properly empaneled." This argument is foreclosed by *Redstrom v. State*, 239 Ga. App. 769, 770 (521 SE2d 904) (1999), in which we held that "the term 'impanel' signifies the act of the clerk of the court in making up a list of the jurors who have been selected for

the trial of a particular cause." (Citation and punctuation omitted.) While the State relies on our recent decision in *Cown v. State*, 259 Ga. App. 8 (576 SE2d 20) (2002), that case is distinguished by the substance of the respective affidavits. In *Cown*, we noted that the jury manager's affidavit failed to state whether jurors were summoned to superior or state court. In attempting "to determine . . . whether jurors were summoned to Gwinnett County State Court during the relevant time period," id. at 9, we considered the provision of OCGA § 15-12-130 (a) that superior court jurors are qualified to serve in state court. However, because subsection (b) of that Code section requires certain administrative procedures, and neither the affidavit nor the record showed that those procedures had been followed, we were unable to determine that jurors had been summoned to the state court. Id. at 9. In contrast, the affidavit in this case plainly states that jurors were available for both state and superior courts, and the issue discussed in *Cown* therefore does not arise. The trial court did not err in granting Shields's motion for discharge and acquittal.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 6, 2004.

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors-General*, for appellant.
*Mickey G. Roberts*, for appellee.