ADAMS *vs*. THE STATE OF GEORGIA.

A demand for trial, with the right to a discharge under it, involves the impaneling of two traverse juries qualified to try the defendant, one when it is made, the other at the next succeeding term. It is sufficient that a jury has been impaneled at the second term ; and it makes no difference that they have been discharged after inquiry by the court if any member of the bar knows of any further use for them, without response from the prisoner's counsel.

Criminal law. Practice in the Superior Court. Before Judge HILLYER. Newton Superior Court. March Term, 1880.

Reported in the decision.

L. L. MIDDLEBROOKS, for plaintiff in error.

F. D. DISMUKE, solicitor-general, by J. S. BOYNTON, for the state.

CRAWFORD, Justice.

The defendant in the court below was indicted for bastardy at the March term of Newton superior court, and at the September term next thereafter, he by his counsel asked leave to place "a demand" for trial on the minutes, which was granted. At the March term, 1880, a discharge was moved, by an order reciting the fact that a demand for trial had been placed on the minutes at the preceding term, at which, as well as at that, there were juries regularly impaneled and qualified to try the said cause.

The court refused to pass the order and discharge the prisoner, because the "demand" did not show, nor was it made otherwise to appear to the court, that juries were present when the same was allowed; and further, because none were present when the order for discharge was moved.

1. A demand for trial, with the right of discharge under it, involves the impaneling of two traverse juries qualified to try the defendant, one when it is made, the other at the next succeeding term.

If these material facts concur, and they are made to appear to the court legally, the discharge is not optional but imperative. That they have been *impaneled* at the second term is sufficient, although they may have been discharged before the order of acquittal is moved. Nor is this right impaired by failure of prisoner's counsel to respond when the court asks, if any member of the bar knows of a further use for the juries; *representing* as he does the prisoner, he certainly has no use for a jury, and

*knowing* as well as he does, that there is no acquittal so easy as one thus obtained, he may well preserve his silence, await their final discharge, and then by law ask that of his client.

Judgment affirmed.