### 60426. WILSON v. THE STATE.

SHULMAN, Judge.

Defendant appeals the denial of his motion for acquittal and discharge based on an alleged failure to grant speedy trial under the provision of Code Ann. § 27-1901. We affirm.

Code Ann. § 27-1901 reads as follows: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed

upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, *provided at both terms there were juries impaneled and qualified to try him,* he shall be absolutely discharged and acquitted of the offense charged in the indictment." (Emphasis supplied.)

It is defendant's contention that the trial court's failure to try defendant during the May term of court (after defendant had filed a demand for a speedy trial with the clerk of the court on June 28, 1979) or the succeeding September or November terms of court, mandated his discharge and acquittal under Code Ann. § 27-1901. The court below, however, found as a fact that on June 28, 1979, and during the next succeeding term of court, no jury was impaneled and qualified to try defendant. We refuse to disturb the court's finding of fact in this regard in the absence of clear and uncontradictory evidence to the contrary, with which we have not been presented here.

Inasmuch, then, as it is a prerequisite to dismissal and acquittal under § 27-1901 that there be impaneled and qualified juries available to try the defendant during the lapsed terms, the court properly denied defendant's motion for dismissal and acquittal. See *State v. McDonald,* 242 Ga. 487, 488 (249 SE2d 212).

Since we are affirming the trial court's judgment for the reason stated above, we need not address the issue of whether or not defendant complied with other necessary prerequisites for the imposition of the sanctions of Code Ann. § 27-1901.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 9, 1980.

*G. Hughel Harrison,* for appellant.
*Bryant W. Huff, District Attorney,* for appellee.