### 46541. RIVERA v. HARRIS et al.
(377 SE2d 844)

BELL, Justice.

This case began when the appellant, Steven Rivera, filed a pro se complaint for mandamus as an indigent. The trial court, relying on OCGA § 9-15-2 (d), refused to allow the complaint to be filed. Rivera then filed a notice of appeal, after which the clerk of superior court transmitted the record to this court. However, the clerk failed to include in the record a copy of the disallowed petition and other pertinent documents, which apparently have been lost or discarded. In an attempt to remedy these omissions, Rivera attached to his brief an appendix containing what he asserts are copies of the missing documents. For the following reasons, we affirm the judgment of the superior court, but without prejudice.

1. This court cannot consider the materials that Rivera has proffered in lieu of the omissions from the record. "Exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford no basis for reversal. [Cit.]" *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983).

2. It was Rivera's burden to ensure that his enumerations were supported by the record. *Johnson v. State*, 254 Ga. 591, 598 (10) (331 SE2d 578) (1985); *High v. Zant*, 250 Ga. 693, 698 (11) (300 SE2d 654) (1983). Once Rivera became aware that the record was incomplete, he could have moved to have the record completed under OCGA § 5-6-41 (f). *High*, id. Generally, in cases in which the appellant does not move to have the record completed under § 5-6-41 (f), we will find that there is nothing for this court to review in the appellate record, see *High*, id., and that we are bound to assume that the trial court ruled correctly, see *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984).

3. However, in the present case we have exercised our discretion under OCGA § 5-6-48 (d), by requesting the superior court to certify what transpired below that does not appear from the record on appeal. The superior court has indicated, in response, that it is unable to comply with this request. Under these circumstances, we find that it would have been futile for the appellant to have attempted to supplement the record, and that his failure to do so should not cause him prejudice.

4. Even so, given the fact that this court is unable to review the appeal because of the missing portions of the record, there remains the question of an appropriate remedy.

After careful consideration, we deem that the best remedy is to affirm the judgment of the trial court, but without prejudice to a second attempt by Rivera to file a complaint seeking the same relief that he sought in the present action.

If Rivera chooses the latter course, the superior court shall have the right to again review the complaint pursuant to § 9-15-2 (d). If the court refuses to allow the petition to be filed, Rivera may appeal that judgment.[1]

*Judgment affirmed with direction. All the Justices concur.*

DECIDED APRIL 6, 1989.

Steven Rivera, *pro se.*
Michael J. Bowers, Attorney General, for appellees.

---

[1] We note, for the benefit of Rivera and the superior court, that, in the event that the court disallows any new pleading, OCGA § 5-6-41 (h) gives Rivera the option of moving to have the pleading filed with a notation of disallowance thereon, which "shall become part of the record for purposes of consideration on appeal or other procedure for review." Id.