## A89A2359. KIRK v. THE STATE.
(392 SE2d 249)

BEASLEY, Judge.

Kirk appeals the denial of her plea in bar to an indictment charging a felony and a misdemeanor, based on an alleged violation of OCGA § 17-7-170. There are four terms of superior court in Meriwether County, beginning on the third Mondays in November, February, May and August. OCGA § 15-6-3 (14) (D). Meriwether County has no local legislation limiting the terms, so each term continues until the commencement of the next. OCGA § 15-6-19.

An indictment was returned during the November term, charging possession of more than 28 grams of cocaine, OCGA § 16-13-31 (a), and less than an ounce of marijuana, OCGA § 16-13-30, and a motion to inspect and test the physical evidence was filed.

The following January, after the jury panels used in the regular November term had been excused, a "Special Term Jury Trial Calendar" was issued with Kirk's case listed, and at least 42 jurors were summoned for January 30. A jury was struck for a murder trial commencing that day and continuing to February 1. After that jury of twelve plus two alternates were sworn on January 30, the remaining prospective jurors were "dismissed," in the words of the clerk, and "excused for the term," in the words of the court, and paid. Shortly before noon on January 31, 1989, and while 14 jurors were serving in the murder trial, a "Demand for Jury Trial" specifically invoking Section 17-7-170 was filed.

Because the original indictment charged actual possession and the evidence showed, if anything, only constructive possession, a new indictment was returned on the first day of the February term, the 20th. Nolle prosequi was entered on the earlier one on February 27, on which date Kirk filed motions to inspect and test the substance and to suppress evidence and statements, under the new indictment. The motion to suppress was denied on March 27. There were criminal jury panels available during the week of March 6 but defendant's case was not reached, although she and her attorney were ordered to appear on Monday, March 13, for trial. They did, but neither the judge nor jurors were present.

A Plea in Bar was filed in the May term on the ground that defendant had been entitled to trial by the end of the February term. Kirk contends that, since fourteen jurors were qualified and impanelled on January 31 when her demand was filed, this term counted.

The court found that there were not "juries impaneled and qualified to try [her]" when her demand was filed, making the last term for trial the May term. It also found that the January trials were conducted in a special session of the November term, not in a separately called special term, OCGA § 15-6-20, and that is correct.

When the demand was made, the prerequisites for the demand to have effect were not present. The fourteen jurors who were serving in the murder case, who would have been available for further service in that November term, were insufficient to constitute a panel to serve as prospective jurors in Kirk's case. Thus there was not even one panel, and her case could not have been tried in that term at or after she filed her demand near its conclusion. We do not reach the question as to whether the reference to "juries" in OCGA § 17-7-170 (b) would require more than one in order for the term to qualify in calculating the provision of a statutory speedy trial.

Nor do we reach the question whether the demand was void altogether or simply ineffective until the February term. If it was valid for the February term, the plea in bar was made and ruled on in the second term thereafter, when the time for trial had not expired. We note, however, that the statute states on its face that the demand is to be filed in a qualifying term. See in this connection *Adams v. State*, 65 Ga. 516 (1880), which states: "A demand for trial, with the right of discharge under it, involves the impaneling of two traverse juries qualified to try the defendant, one when it is made, the other at the next succeeding term." A more recent opinion explains: "In order to trigger the statute, the defendant must make his demand at a time that a traverse jury is impaneled and qualified to try him." *State v. McDonald*, 242 Ga. 487, 488 (249 SE2d 212) (1978).

Black's Law Dictionary, 5th ed., defines "jury panel" as "[t]he group of prospective jurors who are summoned to appear on a stated day and from which a grand jury or petit jury is chosen." The same source states that "impanel" means "[t]he act of the clerk of the court in making up a list of the jurors who have been selected for the trial of a particular cause. All the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case up to the final formation."

The clerk impanels the jury but does not select or choose it; that act of winnowing is up to the parties. The statute provides for juries "impaneled," not juries or a jury merely "qualified to try him." As said in *Campbell v. State*, 6 Ga. App. 539, 541 (65 SE 307) (1909): "for felony cases pending in the superior court it would take the presence of a panel of forty-eight to fulfill the requirements of the statute; . . ."[1]

Accord *DeKrasner v. State*, 54 Ga. App. 41 (1) (187 SE 402) (1936).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

---

[1] *Campbell* erroneously quotes the Code as using the word "jurors," but the word then as now is "juries."

DECIDED FEBRUARY 5, 1990 —
REHEARING DENIED MARCH 12, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.