A90A2301. CAMPBELL v. THE STATE.
(403 SE2d 882)

POPE, Judge.

Appellant Larry Campbell appeals the denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170. The indictment against Campbell was filed in McIntosh Superior Court on October 13, 1989. OCGA § 15-6-3 (4) (E) provides that the terms of McIntosh Superior Court commence on the fourth Monday in February and May, on the second Monday in September and on the first Monday in December. On February 15, 1990, during the December term of court, Campbell filed his demand for speedy trial pursuant to OCGA § 17-7-170. Jury trials were held in the December term of court after the filing of Campbell's demand. Jury trials also were held during the February term of court. On June 4, 1990, Campbell filed his motion for discharge and acquittal. The order of the trial court denying the motion was entered August 6, 1990. *Held*:

We reverse. OCGA § 17-7-170 (b) mandates discharge and acquittal if a defendant is not tried at the term in which a demand is properly filed or at the next term following the filing of the demand, provided juries were impaneled and qualified to try the defendant at

both court terms. According to OCGA § 15-6-3 (4) (E), the December term of court began the first Monday in December. OCGA § 15-6-19 provides that a regular term of court ends with the commencement of the next regular term. Thus, the December term ended with the beginning of the February term on the fourth Monday of February. The record shows that juries were impaneled and qualified to try Campbell during the December term after his demand was filed. Campbell's demand for speedy trial was therefore effective in the December term. See *Kaysen v. State*, 191 Ga. App. 734 (382 SE2d 737) (1989). The February term ended with the beginning of the May term on the fourth Monday in May. The record shows that juries were impaneled and qualified to try Campbell during the February term. The conclusion is inescapable that Campbell is entitled to discharge and acquittal.

The State argues because the trial calendar for jury trials had been published before Campbell filed his demand, there were no juries impaneled and qualified to try *him*, and OCGA § 17-7-170 (b) was not triggered. We do not agree. A calendar serves the convenience of and promotes the orderly business of a court in disposing of its duties. Although we recognize the difficulty to the trial court in balancing the competing interests of the State, defendants, witnesses and its own interest in the orderly disposition of court business, nonetheless the convenience of a set calendar must give way to the clear mandate of statutory law. OCGA § 17-7-170 clearly puts the burden on the State to try a defendant within the time limits set by statute.

Nor are we persuaded by the State's argument that the effect of OCGA § 17-7-170 is avoided because the February term of court is a special term. This argument apparently is based on history and custom in McIntosh Superior Court. Before 1984, the law provided that McIntosh County Superior Court had four terms. However, grand jurors and trial jurors were chosen and available only during the May and December terms. The February and September terms were non-jury terms. Ga. L. 1945, p. 1023. However, the current law (Ga. L. 1984, p. 4054) changed the system to provide for the four terms as set out earlier in this opinion. Under current law, grand jurors are chosen at the beginning of the May and December terms and serve until the next grand jury convenes. The State argues that because the grand jury serves from May to December and from December to May, these two terms are the regular terms and the September and February terms are special terms that overlap the regular terms. Under this reasoning, the February term would not count as the second term in which the State must try Campbell. However, this argument misses the import of the change in the law in 1984. The current law provides for four terms without restriction to their being jury or non-jury, criminal or civil. Because each of the four terms is prescribed by law,

none of the terms can be considered a special term. See OCGA § 15-6-20.

The trial court erred in finding Campbell was not entitled to discharge and acquittal pursuant to OCGA § 17-7-170.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 11, 1991.

*Richard H. Taylor*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.

