S94G1876. POPE et al. v. THE STATE.
S94G1877. BUNN et al. v. THE STATE.
(458 SE2d 115)

HUNT, Chief Justice.

The defendants filed a speedy trial demand. After an unrelated appeal, the clerk's office filed the remittitur from the Court of Appeals near the end of a court term when no juries were impaneled and qualified to serve. When the state failed to try the defendants during that court term or the next term, they moved for an acquittal, which the trial court denied. The Court of Appeals affirmed.[1] We granted the writ of certiorari to consider whether a term of court counts under a speedy trial demand when no jury is available after the filing of the remittitur. We conclude that jurors must be present after the remittitur is filed to count that term under the speedy trial statute. Therefore, we affirm.

A grand jury indicted Jessie L. Pope, Pope Brothers Logging Company, Frank L. Bunn, Frank Leslie Bunn, Jr., and Bunn Logging, Inc. under the Georgia RICO statute.[2] The trial court quashed the indictment, but the Court of Appeals reversed.[3] The Upson County Superior Court clerk filed the remittitur on July 30, 1993, 17 days before the end of the superior court's March 1993 court term. Juries had been impaneled earlier that term, but no jurors were impaneled between the remittitur's filing and the term's end. When the state failed to try the Popes or the Bunns during the next court term, they moved for a discharge and acquittal.

The speedy trial statute for non-capital cases gives the state two terms of court to try a person.[4] OCGA § 17-7-170 (b). To qualify under the two-term rule, a term must have a jury impaneled and qualified to serve.[5] Although the statute does not address the effect of an appeal on the speedy trial demand, this court last year considered the issue in a capital case.[6] Balancing the defendant's statutory right to a speedy trial against the state's right to notice and a reasonable time to prepare for trial, we rejected the defendant's argument that the demand time should resume at the point that the appeal sus-

---

[1] *Pope v. State*, 214 Ga. App. 458 (448 SE2d 54) (1994).
[2] OCGA § 16-14-4.
[3] *State v. Adams*, 209 Ga. App. 141 (433 SE2d 355) (1993).
[4] OCGA § 17-7-170 (b) states:
   If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.
[5] *Waller v. State*, 251 Ga. 124, 126 (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984).
[6] See *Henry v. James*, 264 Ga. 527 (449 SE2d 79) (1994) (interpreting OCGA § 17-7-171 (b)).

pended it. Instead, we held that the state had to try the defendant during the remainder of the term in which the remittitur is filed or the next regular court term "provided there are juries impaneled and qualified to try the defendant."[7] In effect, our ruling provided "for the demand to run again in its entirety in non-capital cases governed by OCGA § 17-7-170."[8]

Consistent with that decision and the statutory language, we hold that jurors must be present and available to serve after the remittitur is filed for a court term to count as one of the two terms in which the state must try the defendant. This rule provides both the state and defendant with a reasonable, predictable time in which to prepare and try the case and comports with our decisions that the time for a speedy trial demand does not begin to run during a term when no jury is impaneled. In adopting this rule, we reject the argument that a court term should count so long as jurors were impaneled previously during that term. Because a discharged jury is not impaneled or qualified to try a defendant, it fails to meet the statutory requirements for a speedy trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1995 —
RECONSIDERATION DENIED JUNE 23, 1995.

*Haygood, Lynch, Harris & Melton, C. Robert Melton,* for appellants.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Assistant Attorney General, Patrick D. Deering,* for appellee.