## A99A1758. REDSTROM v. THE STATE.
(521 SE2d 904)

McMurray, Presiding Judge.

On September 9, 1998, the solicitor for the State Court of Gwinnett County preferred accusations against defendant-appellant, charging him with driving under the influence of alcohol and speeding. On December 18, 1998, defendant made a demand under the provisions of OCGA § 17-7-170, for speedy trial "within the present term or the next term" of the State Court of Gwinnett County. The "present term" would have been the November 1998 Term of the State Court of Gwinnett County. On March 3, 1999, defendant moved for discharge and acquittal, supporting his motion with the affidavit of Dorothy N. Ash, Jury Manager for the Gwinnett Judicial Circuit, who deposed that jurors were summoned and available for the week of December 7, 1998, and the week of December 14, 1998; and further that, no jurors were available for the rest of December 1998. According to the trial court's order, at the hearing on defendant's motion, Jury Manager Ash was present but did not testify personally because the substance of her evidence was proffered by the State's attorney without objection, as follows: There was no jury available on the date defendant filed his demand on Friday, December 18, 1998, because "all jurors in the courthouse were serving on [other] juries and that all other jurors had been released as of the close of business on Thursday, December 17, 1998." The trial court reasoned that, due to the absence of an impaneled jury on the day the demand was filed (the last day of the term), the motion did not trigger the two-term period until the next succeeding term. From the denial of his motion for discharge and acquittal, defendant brings this direct appeal, as authorized by *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827). *Held*:

Defendant enumerates the denial of his motion for discharge and acquittal, arguing the trial court erred in concluding that the December 18, 1998, filing of defendant's demand for speedy trial failed to trigger the two-term period in which to try or acquit him. We affirm.

The statutory provision for speedy trial in non-capital cases is

OCGA § 17-7-170.

> If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both terms there were *juries impaneled* and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged. . . .

(Emphasis supplied.) OCGA § 17-7-170 (b). A demand for speedy trial, with the right to discharge, involves the impaneling of two traverse juries qualified to try the defendant; one when it is made, and the other at the next successive term. *Adams v. State*, 65 Ga. 516, 517 (1) (1880). In order to trigger the statute, the defendant must make his demand at a time that a traverse jury is impaneled and qualified to try him. *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249). A traverse jury or a petit jury is one impaneled to try a prosecution as distinguished from a grand jury. *DeKrasner v. State*, 54 Ga. App. 41 (1) (187 SE 402). According to Black's Law Dictionary (4th ed., p. 886) the term " 'impanel' signifies the act of the clerk of the court in making up a list of the jurors who have been selected for the trial of a particular cause." Accord *Kirk v. State*, 194 Ga. App. 801, 802, supra. A term or the remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170. *George v. State*, 269 Ga. 863, 864 (505 SE2d 743).

In the case sub judice, the record shows that, at the time defendant filed his motion at 4:00 p.m. on the last business day of the November 1998 term, all jurors were dismissed and not subject to recall. See *State v. McDonald*, 242 Ga. 487, 489 (249 SE2d 212); *MacInnis v. State*, 235 Ga. App. 732, 734 (510 SE2d 557). The Supreme Court of Georgia has rejected the argument that a court term should count merely because jurors were impaneled previously during that term, since discharged jurors are neither impaneled nor qualified to try a defendant, and so fail to meet the statutory requirements for a speedy trial. *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115). Defendant stipulated that the jurors had been released that Friday, and there is no evidence they were subject to recall for that day. In the absence of clear and convincing evidence to the contrary, we will not disturb the trial court's factual finding that no jury qualified to try defendant was impaneled at the time defendant's demand was filed, or for the remainder of the November 1998 term. *Wilson v. State*, 156 Ga. App. 53, 54 (274 SE2d 95). The trial court correctly concluded that defendant's filing did not trigger the two-term requirement of OCGA § 17-7-170 (b) during the November 1998 Term of the State Court of Gwinnett County, and so properly denied defendant's motion for discharge and acquittal.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 1999

*William C. Head*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Gary S. Vey, Assistant Solicitor,* for appellee.