## S00A1637. UNION v. THE STATE.
(543 SE2d 683)

HINES, Justice.

Union appeals the denial of his motion for acquittal. See *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985). For the reasons that follow, we affirm.

On January 18, 2000, Union was indicted on one count of rape by a Bibb County grand jury. He filed a demand for a speedy trial on Tuesday, February 1, 2000. This was in the final week of the December 1999 term of court of the Superior Court of Bibb County; the February 2000 term began the following Monday, February 7, 2000. See OCGA §§ 15-6-3 (23) (A) and 15-6-19. He was arraigned on February 25, 2000. Union was not tried in the December 1999 term, or in the February 2000 term, and trial was set for May 1, 2000, in the April 2000 term of court.

After the expiration of the February term, Union filed his motion for acquittal asserting that the requirement of OCGA § 17-7-170 that he be tried within two terms of his demand for a speedy trial was not met. He also argued that it would be unconstitutional to apply OCGA § 17-7-171, which provides that the State must try a defendant in a "capital offense" within three terms of a demand, contending that rape is not a "capital offense" within the meaning of OCGA § 17-7-171. The trial court denied his motion.

Union has not shown that the trial court erred in denying his motion for acquittal. Assuming, but not deciding, that he is correct that OCGA § 17-7-170 applies here, that statute requires that a person under indictment or accusation who files a demand for a speedy trial must be tried in the term in which "the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him . . ."; if he is not, "he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." OCGA § 17-7-170 (b). A "term or *a remainder of a term* in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170." (Citation and punctuation omitted; emphasis supplied.) *George v. State*, 269 Ga. 863, 864 (505 SE2d 743) (1998). If jurors have been dismissed and are not subject to recall when the demand is filed, the term in which the demand is filed does not count for computation of the two-term requirement of OCGA § 17-7-170 (b). See *State v. McDonald*, 242 Ga. 487, 489 (249 SE2d 212) (1978). "[A] discharged jury is not impaneled or qualified to try a defendant, [and] it fails to meet the statutory requirements for a speedy trial." *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115) (1995). Thus, the December 1999 term of court, during the final week of which Union filed his demand, would count for purposes of OCGA § 17-7-170 (b)

only if jurors were impaneled and qualified at the time of his demand, or thereafter in the term, and the February 2000 term would count only if jurors were impaneled and qualified during that term.

The record is devoid of any evidence that jurors were impaneled and qualified to try him when Union filed his demand, or during the remainder of the December 1999 term, or that any jurors were impaneled and qualified in the February 2000 term. Union neither submitted an affidavit from the clerk, nor obtained the presence of any witness at the hearing on the motion for acquittal. It was Union's burden below to establish that there were qualified jurors impaneled during the relevant court terms so as to trigger OCGA § 17-7-170. See *State v. Prestia*, 183 Ga. App. 24, 25 (2) (357 SE2d 829) (1987). And it is his burden to ensure that the record on appeal reveals what occurred below so that this Court may conduct its review. *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996). Without a showing that jurors were impaneled in the two relevant terms of court, there is nothing in the record from which this Court can conclude that the trial court erred.[1]

Because of Union's failure to show error, it is not necessary that this Court reach his constitutional challenge. See *Livingston v. State*, 266 Ga. 501, 504, fn. 1 (467 SE2d 886) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001 —
RECONSIDERATION DENIED APRIL 6, 2001.

*Sell & Melton, Tilman E. Self III, Althea L. Buafo*, for appellant.
*Charles H. Weston, District Attorney, Mark A. Casto, Assistant District Attorney*, for appellee.
*Lovett, Cowart & Ayerbe, L. Robert Lovett*, amicus curiae.

---

[1] As an attachment to a supplemental brief to this Court, the State has filed an affidavit from the Clerk of the Superior Court that states that at the time Union filed his demand, there were no qualified jurors impaneled to hear cases, and none were impaneled for the remainder of the term. This affidavit has not properly been made a part of the record and cannot be used to establish in this Court the facts averred therein. See *Rivera v. Harris*, 259 Ga. 171 (1) (377 SE2d 844) (1989); *Brumelow v. State*, 239 Ga. App. 119, 120 (1) (520 SE2d 776) (1999). Nonetheless, the fact remains that Union has not met his burden of showing by the record that the trial court erred in denying his motion.