## A03A1416. JOHNSON v. THE STATE.
(590 SE2d 145)

BARNES, Judge.

Kathy Johnson appeals the denial of her plea of former jeopardy after her motion to dismiss, based on the denial of her constitutional right to a speedy trial, was denied. For the reasons that follow, we affirm the trial court.

Johnson's enumeration of error asserts:

> Appellant timely filed a statutory demand for a speedy trial pursuant to OCGA § 17-7-170. Two terms of court passed without appellant being tried, in which jurors were impaneled. Therefore, appellant must be acquitted of all charges as a matter of law pursuant to OCGA § 17-7-170. Therefore, the trial court's ruling must be reversed.

Johnson was indicted on May 13, 2002, for ten counts of child molestation and one count of aggravated child molestation. She filed a demand for speedy trial under OCGA § 17-7-170 on September 5, 2002. Then, on October 3, 2002, Johnson was reindicted for one count of aggravated child molestation and ten counts of child molestation. The original indictment was nolle prossed on October 25, 2002.

When she was not tried within two terms of court, Johnson filed a plea of former jeopardy on January 2, 2003. Her plea was denied on January 16, 2003, because the court found that no jurors were impaneled and qualified to try Johnson on September 5, 2002, when her demand for trial was filed. Absent clear and convincing evidence to the contrary, we will not disturb the trial court's finding that no jury qualified to try appellant was impaneled during the term in which the demand was filed. *Wilson v. State*, 156 Ga. App. 53 (274 SE2d 95) (1980).

Our law provides

> that a person under indictment or accusation who files a demand for a speedy trial must be tried in the term in which the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him; if he is not, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. A term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170. If jurors have been dismissed and are not subject to recall when the demand is filed, the term in which the demand is filed does not count for computation of the two-term requirement of OCGA § 17-7-170 (b). A discharged jury is not impaneled or qualified to try a defendant, and it fails to meet the statutory requirements for a speedy trial.

(Citations, punctuation and emphasis omitted.) *Union v. State*, 273 Ga. 666 (543 SE2d 683) (2001).

The parties do not dispute that Johnson filed and served a proper demand for trial or that she was not tried within two terms of

court. The issue is whether jurors were impaneled, within the meaning of OCGA § 17-7-170, in the June 2002 term of court to try Johnson, as she asserts.

The clerk of the superior court testified that in Putnam County the terms of court in 2002 began the third Monday in March, June, September, and December. Johnson's demand for trial was filed in the June term of court. The September term of court began on September 16, 2002.[1] Although the parties stipulate that jurors were available to try Johnson during the September term of court, she was not tried during the September term.

During the June 2002 term of court, 115 jurors were impaneled. They were summoned for jury service by mail and were instructed to call the clerk to determine when they needed to come to court. Although a jury summons went out the week of August 26, 2002, the jurors were not called to court after August 26, 2002. The jurors, however, were not dismissed from jury service by order of the court. Instead, the jurors who called in were notified by a recording that said, "You do not have to report. All cases are settled. You do not need to report."

The clerk testified that from September 5, 2002, through the end of the June term on September 16, 2002, no jurors were available. "[N]ot a single Putnam County juror, State, or Superior Court, and in the Superior Court, civil or criminal, was scheduled to come in this courtroom or, in fact, impaneled to come in this courtroom, sworn as a juror, not even one. . . ."

Johnson relies upon *Kirk v. State*, 194 Ga. App. 801, 802 (392 SE2d 249) (1990), in which this court stated that

> Black's Law Dictionary, 5th ed., defines "jury panel" as "(t)he group of prospective jurors who are summoned to appear on a stated day and from which a grand jury or petit jury is chosen." The same source states that "impanel" means "(t)he act of the clerk of the court in making up a list of the jurors who have been selected for the trial of a particular cause. All the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case up to the final formation."

The State, however, contends that jurors were not impaneled and qualified to try Johnson. According to Johnson, under the State's definition of "impaneled," jurors are impaneled only when they are

---

[1] "The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned." OCGA § 15-6-19.

actually sworn and sitting in the jury box. Even though Johnson correctly defines "impaneled," her argument fails to take into consideration the circumstance in which a jury once impaneled might be discharged. The State relies upon *Redstrom v. State*, 239 Ga. App. 769 (521 SE2d 904) (1999), which held that

> [a] demand for speedy trial, with the right to discharge, involves the impaneling of two traverse juries qualified to try the defendant; one when it is made, and the other at the next successive term. In order to trigger the statute, the defendant must make his demand at a time that a traverse jury is impaneled and qualified to try him. A traverse jury or a petit jury is one impaneled to try a prosecution as distinguished from a grand jury. According to Black's Law Dictionary (4th ed., p. 886) the term "'impanel' signifies the act of the clerk of the court in making up a list of the jurors who have been selected for the trial of a particular cause." A term or the remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170. In the case sub judice, the record shows that, at the time defendant filed his motion at 4:00 p.m. on the last business day of the November 1998 term, all jurors were dismissed and not subject to recall. The Supreme Court of Georgia has rejected the argument that a court term should count merely because jurors were impaneled previously during that term, since discharged jurors are neither impaneled nor qualified to try a defendant, and so fail to meet the statutory requirements for a speedy trial. Defendant stipulated that the jurors had been released that Friday, and there is no evidence they were subject to recall for that day. In the absence of clear and convincing evidence to the contrary, we will not disturb the trial court's factual finding that no jury qualified to try defendant was impaneled at the time defendant's demand was filed, or for the remainder of the November 1998 term.

(Citations omitted.) Id. at 770.

The facts in this case are similar. The jurors were impaneled and available for trials, but for the week of August 26, 2002, the court informed the jury, "You do not have to report. All cases are settled. You do not need to report." As the jurors were dismissed and not subject to recall when the OCGA § 17-7-170 demand was filed, the term in which Johnson filed her demand does not count for computation of the two-term requirement. *State v. McDonald*, 242 Ga. 487, 489 (249 SE2d 212) (1978). "[J]urors must be present and available to serve

. . . for a court term to count as one of the two terms in which the state must try the defendant." *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115) (1995). "[W]e reject the argument that a court term should count so long as jurors were impaneled previously during that term. Because a discharged jury is not impaneled or qualified to try a defendant, it fails to meet the statutory requirements for a speedy trial." Id.

As no clear and convincing evidence shows that the trial court erred by concluding that no jury qualified to try Johnson was impaneled during the remainder of the June term in which her demand was filed, the ruling of the trial court is affirmed. *Wilson v. State*, supra, 156 Ga. App. at 53.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 22, 2003 —
RECONSIDERATION DENIED NOVEMBER 18, 2003 — ▮▮▮▮▮▮

*Brian Steel*, for appellant.
*Fredric D. Bright, District Attorney*, for appellee.

