295 Ga. 185
FINAL COPY

S13G1133.  WILLIAMSON v. THE STATE.

HUNSTEIN, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred by affirming the denial of the defendant's motion for discharge and acquittal under OCGA § 17-7-170.  For the reasons set forth below, we conclude that the Court of Appeals erred in holding that the term in which the defendant filed his speedy trial demand did not count for purposes of determining his entitlement to discharge and acquittal, and therefore, we reverse. However, we remand to the Court of Appeals to determine whether the defendant nonetheless waived his right to a speedy trial.

On July 27, 2011, the Fulton County Solicitor-General's Office filed accusations against Appellant John Williamson charging him with DUI per se, DUI less-safe, and failure to maintain lane.  On Wednesday, November 2, 2011, Williamson filed a speedy trial demand pursuant to OCGA § 17-7-170 (a)[1] in

---

[1] OCGA § 17-7-170 (a) provides that any defendant against whom an indictment or accusation has been filed for an offense not affecting the defendant's life "may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter."

the State Court of Fulton County. Prior to this filing, Williamson's counsel served a copy of the demand on the trial court and the prosecutor.

On January 25, 2012, Williamson filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b) because he had not been tried during the September or November terms. After a hearing on Williamson's motion on January 31, 2012, the trial court denied Williamson's motion for discharge and acquittal, ruling that his demand was deemed to have been filed in the November term and thus that Williamson's motion was premature. Williamson appealed to the Court of Appeals, which affirmed, finding that the September term in which he filed his speedy trial demand did not count because there were insufficient jurors available during that term. Williamson v. State, 321 Ga. App. 25, 29-31 (740 SE2d 841) (2013).

1. OCGA § 17-7-170 (b) and the Terms to Be Counted

Pursuant to OCGA § 17-7-170 (b), in cases where a person is charged with an offense not affecting his life, and where the defendant has filed a speedy trial demand,

> [i]f the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely

2

discharged and acquitted of the offense charged in the indictment or accusation.

"When we consider the meaning of a statute, 'we must presume that the General Assembly meant what it said and said what it meant.'" Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). "When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." Opensided MRI of Atlanta, LLC v. Chandler, 287 Ga. 406, 407 (696 SE2d 640) (2010).

Pursuant to the plain meaning of the language of OCGA § 17-7-170 (b), when the defendant files a speedy trial demand, the State then has two terms — the current term or the following term — during which to try the defendant. The one condition precedent to the two terms counting is that there are juries impaneled and qualified to try the defendant during each term. OCGA § 17-7-170 (b); see Kerese v. State, 10 Ga. 95 (1) (1851).

> A term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170. If jurors have been dismissed and are not subject to recall when the demand is filed, the term in which the demand is filed does not count for computation of the two-term requirement of OCGA § 17-7-170 (b).

Union v. State, 273 Ga. 666, 666 (543 SE2d 683) (2001) (citations, punctuation

3

and emphasis omitted).

Fulton County has six annual terms of court beginning on the first Monday of January, March, May, July, September, and November. OCGA § 15-6-3 (3). Williamson filed his speedy trial demand on Wednesday, November 2, 2011, which was during the end of the September term because the November term did not begin until Monday, November 7. It is uncontested that no jurors were called for Friday, November 4. The question is whether there were juries impaneled and qualified during the remainder of the September term — on Wednesday, November 2 and Thursday, November 3 — so that this term counted as one of the two terms during which the State had to try Williamson.

Williamson has the burden to establish that there were qualified juries impaneled during the relevant court terms. Union, 273 Ga. at 667. At the hearing on Williamson's motion for discharge and acquittal, Williamson called the jury clerk for the State Court of Fulton County, Lynnette Robinson, to testify. Robinson explained that based on the trial court judges' requests for jurors she had received by 4:30 p.m. on Wednesday, November 2, she called in two groups of jurors for November 3. Thirty seven jurors actually appeared on November 3. Thus, the record shows that 37 jurors were impaneled and

4

qualified for a criminal trial on November 3, and therefore, the September term counts as the first of the two terms during which the State had to try Williamson.[2]

The Court of Appeals found that there were only five jurors available on November 3, which was insufficient for a criminal trial. The court determined that out of the 37 jurors who appeared, 14 had been sent to a courtroom for a trial, and 18 were "committed to other courtrooms that day," leaving five remaining. Williamson, 321 Ga. App. at 29-30. Yet, the statute does not require that courts examine how many jurors were serving on other trials or had been committed for other trials. Nor does the statute require an analysis of whether the trial court had time to try the defendant, an examination of the court's calendar, or even whether there were enough criminal trial weeks scheduled during the term. See Kerese, 10 Ga. at 97-98 (the statute makes no allowance for circumstances where the court might not have had time to try the defendant); Campbell v. State, 199 Ga. App. 25, 26 (403 SE2d 882) (1991) ("the convenience of a set calendar must give way to the clear mandate of statutory

---

[2]Having found that there were sufficient jurors impaneled and qualified on November 3, we need not determine whether there were also sufficient jurors on November 2.

law"); <u>Birts v. State</u>, 192 Ga. App. 476, 478 (385 SE2d 120) (1989) (the statute "does not condition itself on there being *enough* juries impaneled and qualified, or how many juries there were, . . . whether there were 'enough' criminal trial weeks scheduled in the two terms," if a trial can be "squeezed in," or if there were enough judges). If we were to require the defendant to wait for the time and convenience of the court — that is, whether there are enough jurors remaining after all of the other jurors have been assigned to courtrooms or trials for each day — the statute could well be rendered meaningless. <u>Kerese</u>, 10 Ga. at 97-98; <u>Birts</u>, 192 Ga. App. at 478.

Instead, juries must merely be qualified and impaneled for that term to count. OCGA § 17-7-170 (b). For purposes of the statute, we conclude that impaneled means jurors who have been summoned, have appeared for service, and have not yet been discharged. See <u>Kerese</u>, 10 Ga. at 96-98 (reversing the denial of the defendant's motion for discharge because there were juries impaneled and qualified, even though the trial court found that it did not have time to try the defendant, the criminal docket had been called, and jurors were serving on another criminal case for the balance of the term); <u>McKnight v. State</u>, 215 Ga. App. 899 (1) (453 SE2d 38) (1994) (rejecting the argument that there

6

were no juries impaneled and qualified because the defendant filed his demand during the only week set aside for criminal trials and the prosecutor had already begun to select jurors for another trial); Campbell, 199 Ga. App. at 26 (where the trial calendar had been published before the defendant filed his demand and there were no juries impaneled and qualified specifically to try the defendant, the term in which the defendant filed his demand still counted); see also Pope v. State, 265 Ga. 473, 474 (458 SE2d 115) (1995) ("[A] discharged jury is not impaneled or qualified.").

To the extent that our courts have held otherwise, those cases are overruled. See, e.g., Jones v. State, 305 Ga. App. 528, 530 (699 SE2d 754) (2010) (no jury was qualified and impaneled during the remainder of the first term in which the defendant filed his speedy trial demand, where 37 jurors came to court and 32 "of those jurors were called to courtrooms for other trials"); MacInnis v. State, 235 Ga. App. 732, 734 (510 SE2d 557) (1998) (jurors in the courthouse were not counted because they "would have been actively sitting as jurors on the trial of another case and would not be available to the jury clerk for placement on a jury panel").

This rule creates no hardship for the prosecution, courts, or witnesses

7

because the statute does not require that the defendant *actually be tried* during that first term. It merely means that this first term is to be counted for purposes of a defendant's speedy trial demand. Pursuant to the statute, the State has the entire succeeding term within which to try the defendant. OCGA § 17-7-170 (b).

As for the second term in this case, it is undisputed that juries were impaneled and qualified during the November term, and therefore, the November term counts as the second term during which the State had to try Williamson. Thus, the State had two terms — September and November — within which to try Williamson. Accordingly, we reverse the Court of Appeals' finding that the September term did not count and that the State had the November and January terms to try Williamson.

2. Waiver

Before we can find that the Court of Appeals erred in affirming the trial court's dismissal of Williamson's motion for discharge and acquittal, the issue of whether Williamson or his counsel waived his right to a speedy trial must be addressed. The trial court found that when Williamson's case was called for trial in December, defense counsel requested that another case on the calendar,

8

in which his firm was also appearing as counsel, be taken up first and that defendant never objected to his case being placed on the backup calendar. The trial court concluded that "[a]lthough this conduct did not constitute a waiver of [Williamson's] right to a speedy trial, it did impact the ability to try [Williamson's] case" during the November term. Though the parties briefed the issue of waiver in the Court of Appeals, the court had no need to reach this issue because it found that the State had the November and January terms during which to try Williamson. The parties have not fully briefed the issue of waiver in this Court. Accordingly, having found that the September term counts as the first time during which the State had to try Williamson, such that the State was required to try Williamson before the end of the November term, the Court remands this case to the Court of Appeals for a determination of whether Williamson waived his right to assert a speedy trial violation.

<u>Judgment reversed and case remanded. All the Justices concur.</u>

Decided May 19, 2014.

Certiorari to the Court of Appeals of Georgia – 321 Ga. App. 25.

<u>Robert W. Chestney</u>, for appellant.

9

Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General, for appellee.