**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 12, 2018**

# In the Court of Appeals of Georgia

A17A1922. ZAROUK v. THE STATE.

MCMILLIAN, Judge.

Mujahid Zarouk appeals the trial court's denial of his motion for acquittal and discharge based on his demand for a speedy trial pursuant to OCGA § 17-7-170. We affirm because Zarouk has failed to carry his burden to show that the demand for a speedy trial was pending for two terms of court during which there were juries impaneled and qualified to try his case.

Zarouk was indicted on November 4, 2016 by a Fulton County grand jury on two counts of burglary in the first degree and one count each of criminal trespass, possession of tools for the commission of a crime, and loitering and prowling. Because the terms of court for the Fulton County Superior Court begin the first Monday of January, March, May, July, September and November, and the first Monday in November 2016 was November 7, Zarouk was indicted in the September 2016 term of court. See OCGA § 15-6-3 (3).

Zarouk was not tried during the following November term, and on December 15, 2016, he filed a pleading entitled "Demand for a Constitutional and Statutory Speedy Trial" (the "Demand").[1] The next term of court for the Fulton County Superior Court began the first Monday in January 2017, and no trial was scheduled for Zarouk during that term either.

After the next term of court began on March 6, 2017, Zarouk filed a "Motion for Absolute Discharge and Acquittal of Indictment 16SC147551" (the "Motion"). The trial court held a hearing on the Motion the next day. At the hearing, Zarouk presented the testimony of the deputy jury clerk manager for Fulton County during the pertinent period, who testified that jurors were called and available for service on December 15, 2016 in connection with two scheduled state court cases.[2] Both cases were resolved by pleas, and the jurors were excused either that morning or afternoon, although the deputy jury clerk manager could not state precisely when they were dismissed. He further testified that no jurors were available from December 16, 2016

---

[1] In Georgia, any defendant indicted in a noncapital case "may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter." OCGA § 17-7-170 (a). Thus, there is no question that Zarouk timely filed his demand for speedy trial.

[2] The deputy jury clerk manager testified that when jurors are called in, they can serve in either state or superior court.

until the end of the November term, but jurors were called and available for service during the months of January and February 2017 during the court's January term. No evidence was presented as to the time of day Zarouk filed his Demand. The trial court subsequently denied Zarouk's Motion, finding that he failed to strictly comply with the requirements of OCGA § 17-7-170 and that he failed to prove that jurors were impaneled at the time he filed his Demand. Zarouk contends on appeal that the trial court erred in both its grounds for denying his Motion.

OCGA § 17-7-170 (b) provides:

[i]f the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

The issue in this case is which term counts as the first term during which Zarouk was required to be tried. On that issue, our Supreme Court has explained that "[a] term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170." (Citation, punctuation, and emphasis omitted) *Union v. State*, 273 Ga. 666, 666 (543 SE2d 683) (2001). Likewise, even if jurors have been impaneled and qualified at some point in the term,

3

"[i]f jurors have been dismissed and are not subject to recall when the demand is filed, the term in which the demand is filed does not count for computation of the two-term requirement of OCGA § 17-7-170 (b)." Id. "For purposes of the statute, [the Supreme Court has determined] that 'impaneled' means jurors who have been summoned, have appeared for service, and have not yet been discharged." *Williamson v. State*, 295 Ga. 185, 188 (1) (758 SE2d 790) (2014). Zarouk bore the burden of establishing that there were qualified juries so impaneled at the requisite times. Id. at 187 (1). And we must accept the trial court's factual findings on whether jurors were impaneled and qualified to try the defendant during the relevant terms of court unless they are clearly erroneous. See *Leimbach v. State*, 251 Ga. App. 589, 590 (554 SE2d 771) (2001).

Here, the evidence showed that although jurors were impaneled at the beginning of the day on December 15, 2016, they were excused at some point during the morning or afternoon because the cases for which they had been summoned were resolved by plea. No other juries were impaneled for the remainder of the November term. Because Zarouk failed to show the jurors had not yet been discharged at the time that he filed his Demand that day, we cannot say that it was clear error for the trial court to find that Zarouk failed to prove that a jury was impaneled at the time he

4

filed his Demand.[3] Thus, we discern no error in the denial of Zarouk's Motion and affirm.[4]

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*

---

[3] If we were to find otherwise, a defendant could wait until close to the end of term after the last juror has been discharged before filing his demand for speedy trial, thereby subverting the plain requirements of OCGA § 17-7-170 (b).

[4] We need not address Zarouk's other enumeration of error that the trial court improperly found that Zarouk's "Demand for a Constitutional and Statutory Speedy Trial" violated OCGA § 17-7-170 (b) because it was not simply labeled "Demand for Speedy Trial" and because it was not filed as a "separate, distinct and individual document" as it included a demand for a speedy trial under the Constitution. However, we caution counsel that the safer course would be to strictly follow the requirements of the statute in demanding a speedy trial.