**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 8, 2026**

# In the Court of Appeals of Georgia

A26A0610. DEVORE v. THE STATE.

MERCIER, Judge.

Following the denial of his plea in bar for discharge and acquittal due to a violation of his statutory right to a speedy trial under OCGA § 17-7-170, Guy Sherman Devore appeals. Devore now contends that the trial court erred by finding that, because no juries had been impaneled and qualified during the two terms in which Devore's speedy trial demand had been pending, those terms did not count towards the statutory deadline for trying Devore. For the reasons set forth below, we affirm.

In relevant part, the record shows that, on July 22, 2024, Devore was accused in the State Court of Burke County of driving under the influence (less safe) and having an expired tag. On August 5, 2024, Devore filed a statutory speedy trial

demand, and it is undisputed that two terms of court then passed without Devore being tried. On August 28, 2025, Devore filed the underlying plea in bar "based upon the failure to comply with [his] statutory demand for [speedy] trial[.]" At a subsequent hearing, Devore argued that, "if [jurors] were summoned, that was sufficient" to consider the jury to be impaneled and qualified. The trial court rejected this argument and denied Devore's plea in bar. Specifically, the trial court found that, although two court terms had passed during the pendency of Devore's speedy trial demand, those terms did not count for purposes of calculating the statutory deadline for trying Devore because no juries had been impaneled and qualified during those terms. Devore now appeals this decision.

"The denial of a statutory speedy trial demand presents a question of law which this Court reviews de novo." *Uribe v. State*, 346 Ga. App. 264, 265(1) (816 SE2d 113) (2018). Statutorily-based speedy trial demands for non-capital offenses are governed by OCGA § 17-7-170, which provides, in relevant part:

> (a) Any defendant against whom a true bill of indictment or an accusation is filed ... may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter.... The demand for speedy trial shall be binding only in the court in which the demand for speedy trial is

2

filed, except where the case is transferred from one court to another without a request from the defendant.

(b) If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, *provided that at both court terms there were juries impaneled and qualified to try the defendant*, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

(Emphasis added.) A jury is considered to be "impaneled" when jurors have been summoned, have appeared for service, and have not yet been discharged. *Zarouk v. State*, 344 Ga. App. 261, 263 (810 SE2d 156) (2018). And, even if jurors have been impaneled and qualified at some point in a term, "if jurors have been dismissed and are not subject to recall when the [speedy trial] demand is filed, the term in which the demand is filed does not count for computation of the two-term requirement of OCGA § 17-7-170(b)." Id.

The pivotal question in this case is whether, during the court term in which Devore filed his demand and the following term, any juries were impaneled and qualified to try him. There were not. At the hearing on Devore's plea in bar, Barbara Newsome, the Chief Deputy Clerk of the State Court of Burke County, testified regarding the applicable terms of court. With regard to the term in which the speedy trial demand was filed (the September 2024 Term), Newsome testified that the trial

3

court entered an order on August 7, 2024, for her to summon 60 jurors, and Newsome complied. The trial court, however, canceled the jurors' service before any jurors were due to report. Accordingly, no jurors reported to the courthouse, and there is no evidence that jurors were sworn in for that term.

With regard to the next term of court at which there is evidence that jurors were summoned (the June 2025 Term), Newsome testified that the trial court entered an order on May 9, 2025, to summon 76 jurors, and Newsome again complied. As with the September term, the trial court canceled the jurors' service, and no jurors appeared at the courthouse or were sworn in for service by the trial court. Newsome explained that the trial court's criminal administrator emailed her "[o]n June 6th, [and told her that] we will not be bringing in [a] jury as the Solicitor's Office has just notified us that they are dismissing one case and amending the accusation for another. This leaves us nothing to try."[1] .

Devore now contends that, because the trial court canceled jury service during the two terms in which his speedy trial demand was pending, those terms must be counted toward the speedy trial deadline, despite the fact that no jurors ever actually

[1] We note that this email appears to be erroneous because it is undisputed that Devore's case was, in fact, pending at the time.

4

reported for service at any time. As he argued below at the plea hearing, Devore maintains that the mere act of summoning jurors should be enough to determine that a jury was impaneled and qualified, especially where the trial court chose to cancel jury service during the terms in question.

To adopt Devore's argument, however, would require us to overlook precedent and to impose additional terms on the speedy trial statute. With regard to precedent, as discussed above, a jury is considered to be impaneled when jurors have been summoned, have appeared for service, and have not yet been discharged. *Zarouk*, 344 Ga. App. at 263; *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115) (1995) ("[J]urors must be present and available to serve . . . for a court term to count as one of the two terms in which the state must try the defendant."). Here, the record shows that no jurors appeared for service, and, as such, it cannot be said that any juries were impaneled. Id.

With regard to the statute, OCGA § 17-7-170(b) plainly indicates that the deadline for trying a defendant is based on court terms during which "there were juries impaneled and qualified to try the defendant[.]" The statute does not, however, contain the additional rule now proposed by Devore – that, once a trial court issues a summons, a jury will automatically be considered to be impaneled, especially if the

trial court cancels jury service prior to the time that the jurors are scheduled to report. And, despite Devore's request that we do so, we cannot rewrite the statute to add such a provision. See *Abdulkadir v. State*, 279 Ga. 122, 124(2) (610 SE2d 50) (2005) ("A court of law is not authorized to rewrite the statute by inserting additional language that would expand its application[.]").

In short, based on the plain language of the statute and controlling precedent, the record supports the trial court's determination that no juries were impaneled or qualified during the two terms in question. As such, the trial court did not err by denying Devore's plea in bar.[2]

*Judgment affirmed. Brown, C.J., and Rickman, P.J., concur.*

---

[2] We recognize Devore's concern that the statute provides a loophole that could, in certain cases, frustrate the right to a speedy trial if jury service is consistently canceled. We, however, are not authorized to fill that loophole. Instead, we must interpret the statute as it is written, and we must consider it in conjunction with a trial court's inherent authority to govern its own proceedings, control its own dockets, and regulate its business. See, e. g., *Kraft, Inc. v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992).